

FILED

11/10/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0264

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0264

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JEREMY CORD WOODS,

Defendant and Appellant.

FILED

NOV 1 0 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

On September 22, 2020, this Court dismissed with prejudice self-represented Appellant Jeremy Cord Woods's appeal under res judicata because we had dismissed an appeal for the same underlying criminal matter the year before. We pointed out that Woods had since discharged his 1994 convictions for three felonies, that his appeal was not timely, and that his substantial rights were not affected by the Lewis and Clark District Court's Amended Judgment and Commitment when it removed the condition for payment of restitution. We noted that Woods is also serving two life sentences for deliberate homicide. Woods has since filed a Petition for Rehearing contending that he is owed "tens of thousands of dollars in personal property" because his assets were seized and sold under the forfeiture statute at the time.

Upon review, Woods has not demonstrated any exceptional circumstances to warrant rehearing. M. R. App. P. 20(1)(d). He cannot surmount the bar of res judicata, and he is precluded from relitigating issues this Court has decided.

We observe that Woods's forfeiture proceedings occurred in 1996. This Court declined to address Woods's arguments before about the total restitution of $35,823.49 because Woods failed to raise them in a timely appeal of his 1994 convictions and sentence. *State v. Woods*, 286 Mont. 355, 359, 951 P.2d 981, 984 (1997). We considered the

forfeiture proceedings and destruction of evidence in the companion civil proceeding, affirming the District Court's determinations. *Woods*, 286 Mont. at 357-363, 951 P.2d at 983-986.

Even though his restitution condition was removed recently, this amendment does not operate retroactively to reimburse Woods's prior seizure of assets. Nothing in this Court's Orders or the District Court's Amended Judgment and Commitment offer such a windfall to Woods, and he cannot demonstrate that he is owed such a financial disposition either. The forfeiture proceeding was to compensate the various victims and businesses, and removal of a restitution condition now does not entitle Woods to any compensation. The doctrine of res judicata once again precludes such arguments. *Woods*, 286 Mont. at 361-362, 951 P.2d at 985-986. Woods cannot resurrect those arguments regardless of the court's 2019 Amended Judgment and Commitment. Therefore,

IT IS ORDERED that Woods's Petition for Rehearing is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Jeremy Cord Woods personally.

DATED this 10 day of November, 2020.

Justices